IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUMBERTO AVILES-COBOS, on behalf of himself and all other Plaintiffs similarly situated, known And unknown, <br><br> Plaintiff, <br><br> v. <br><br> FIGUEROA RESTAURANTS, LTD., an Illinois corporation, d/b/a LA MEXICANA BUENA VISTA, ARANDAZ CORPORATION, an Illinois corporation, d/b/a LA MEXICANA BUENA VISTA, and JUAN FIGUEROA, an individual, <br><br> Defendants. | Case No. 16-cv-02380 |

## COMPLAINT

The Plaintiff, Humberto Aviles-Cobos ("Plaintiff" or "Aviles-Cobos"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, Figueroa Restaurants, Ltd. d/b/a La Mexicana Buena Vista, Arandaz Corporation d/b/a La Mexicana Buena Vista, and Juan Figueroa ("Figueroa"), as follows:

### Nature of the Suit

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL") for Defendants' failure to pay Plaintiff, and other similarly situated employees, their overtime pay. Plaintiff, and other kitchen employees, worked more than 40 hours in individual workweeks and

were not paid overtime compensation by Defendants. This case is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party is attached as Exhibit A.

## Jurisdiction and Venue

2.	This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3.	Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## The Parties

4.	Plaintiff Aviles-Cobos is a current employee of the Defendants. Plaintiff has worked for the Defendants during the last three years before the filing of this suit.

5.	Plaintiff is employed by the Defendants as a cook.

6.	During the course of his employment, Plaintiff regularly handled goods, including perishable food and food products, that moved in interstate commerce.

7.	Plaintiff resides in and is domiciled within this judicial district.

8.	Defendant La Mexicana Buena Vista is operated by Defendants, Figueroa Restaurants, Ltd. and Arandaz Corporation, and is doing business as La Mexicana Buena Vista restaurant within this judicial district.

9.	The corporate officers and registered agent for Figueroa Restaurants, Ltd. and Arandaz Corporation are located within this judicial district.

10.	Upon information and belief, Defendant La Mexicana Buena Vista earned more than $500,000 in annual gross revenue during 2012, 2013, 2014 and 2015.

11. Upon information and belief, Defendant Figueroa is an owner of Defendant La Mexicana Buena Vista.

12. Defendant Figueroa is the president and corporate secretary of Defendant Figueroa Restaurants, Ltd.

13. Defendant Figueroa hired and fired employees, supervised and controlled work schedules and other conditions of employment, determined the rate and method of wage payment, and maintained employment records.

14. Upon information and belief, Defendant Figueroa resides in and is domiciled within this judicial district.

## Common Allegations

15. Plaintiff, and other kitchen employees including cooks and dishwashers (the "kitchen employees"), were directed to work, and did work, more than 40 hours in individual workweeks.

16. During the last three years before the filing of this suit, Plaintiff was scheduled to work from 7:00 a.m. to 5:00 p.m. on Monday, from 9:00 a.m. to 7:00 p.m. on Tuesday, from 9:00 a.m. to 7:00 p.m. on Wednesday, from 7:00 a.m. to 6:00 p.m. on Friday, from 7:00 a.m. to 6:00 p.m. on Saturday, and from 7:00 a.m. to 5:00 p.m. on Sunday. Plaintiff did not typically work on Wednesday.

17. Based on his work schedule, Plaintiff regularly worked approximately 62 hours for the Defendants in individual workweeks.

18. During the last three years before the filing of this suit, Defendants paid Plaintiff $650.00 in cash on a weekly basis.

19. Defendants paid Plaintiff $650.00 on a weekly basis without regard to the actual number of hours worked by Plaintiff.

20. Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay (or the statutory minimum wage) for hours worked in excess of 40 in individual work weeks.

21. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a work week.

22. In order to conceal their cash payments and their failure to pay overtime, Defendants required Plaintiff to sign a false payroll check and return it to the Defendants.

22. Defendants failed to create, maintain, and preserve complete and accurate payroll records in accordance with 29 CFR Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700.

23. Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4, 820 ILCS § 105/9.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

24. Plaintiff hereby incorporates paragraphs 1 through 23 as though stated herein.

25. During the last three years before the filing of this suit, Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1).

26. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

27. During the course of Plaintiff's employment, Defendants employed other kitchen employees who were similarly not exempt from the overtime wage provisions of the FLSA.

28. During the last three years before the filing of this suit, Defendants were each an "employer" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d).

4

29. Defendant La Mexicana Buena Vista was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

30. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt kitchen employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

31. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

32. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. In an attempt to conceal their overtime violations, Defendants issued false payroll checks to Plaintiff. Defendants also paid Plaintiff's wages in cash in order to avoid reporting employee work time and their own failure to pay employees their overtime wages. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state agencies. Defendants further violated the Act's recordkeeping, notice and posting requirements.

**WHEREFORE**, the Plaintiff, Humberto Aviles-Cobos, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Figueroa Restaurants, Ltd. d/b/a La Mexicana Buena Vista, Arandaz Corporation d/b/a La Mexicana Buena Vista, and Juan Figueroa, as follows:

   A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

   B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

33. Plaintiff hereby incorporates paragraphs 1 through 23 as though stated herein.

34. During the last three years before the filing of this suit, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

35. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

36. During the course of Plaintiff's employment, Defendants employed other kitchen employees who were similarly not exempt from the overtime wage provisions of the IMWL.

37. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

38. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt kitchen employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

39. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Humberto Aviles-Cobos, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Figueroa Restaurants, Ltd. d/b/a La Mexicana Buena Vista, Arandaz Corporation d/b/a La Mexicana Buena Vista, and Juan Figueroa, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: February 18, 2016

Respectfully submitted,
Humberto Aviles-Cobos, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, Plaintiff


/s/ Nicholas P. Cholis
_____
One of Plaintiff's Attorneys


Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
Attorneys for Plaintiff
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net